Kenneth SINGLETON, Petitioner–
Appellant,

v.

James E. TILTON, Acting Secretary,
California Department of Corrections
and Rehabilitation; Dee Adams, War-
den, Corcoran State Prison, Respon-
dents–Appellees.

No. 06–16632.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2007.

Filed July 2, 2007.

Carol Strickman, Esq., Oakland, CA, for
Petitioner–Appellant.

Peggy S. Ruffra, Esq., Attorney Gener-
al's Office San Francisco, San Francis, CO,
for Respondents–Appellees.

Before: SCHROEDER, Chief Circuit
Judge, CANBY and McKEOWN, Circuit
Judges.

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

by 9th Cir. R. 36–3.

**MEMORANDUM** *

Kenneth Singleton appeals the district
court's denial of his habeas petition chal-
lenging his California conviction and sen-
tence for murder with a firearm. The
principal contention with respect to the
guilt phase is that his taped confession was
obtained involuntarily. To render the con-
fession involuntary, the police activity lead-
ing up to it must have been coercive. *See
Colorado v. Connelly,* 479 U.S. 157, 167,
107 S.Ct. 515, 93 L.Ed.2d 473 (1986). The
state court of appeals in the last reasoned
state court decision found that the peti-
tioner reinitiated communication with the
officers after he had asked for counsel,
that he understood the nature of his ac-
tions, and that he was deprived of no
physical necessities or communications
during the relevant period of police custo-
dy.

The last reasoned state court decision
was not contrary to clearly established fed-
eral law. *See Edwards v. Arizona,* 451
U.S. 477, 484–85, 101 S.Ct. 1880, 68
L.Ed.2d 378 (1981). 28 U.S.C. § 2254(d);
*Edwards v. Arizona,* 451 U.S. 477, 484–85,
101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). *See
also Early v. Packer,* 537 U.S. 3, 8, 123
S.Ct. 362, 154 L.Ed.2d 263 (2002) (per
curiam). Neither did the state court un-
reasonably apply *Edwards,* or any other
relevant Supreme Court authority. On
the record of the case, it could have rea-
sonably concluded that petitioner's confes-
sion was voluntary, given the officers' will-
ingness to provide any basic necessities at
petitioner's request as well as the petition-
er's previous experiences as a youth of-
fender. Even assuming that the confes-
sion was coerced, the error was harmless,

as the defendant himself testified on direct and the confession was used only as impeachment as to secondary matters. *See Brecht v. Abrahamson,* 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Petitioner's sentencing challenge is premised upon the state trial court's failure to realize that under state law it had some discretion to modify the otherwise statutorily mandated sentence of 50 years-to-life. The error by the state court in this regard was not a violation of federal law. The same is true with respect to petitioner's claim that the state appellate court should have remanded the matter for resentencing. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

To the extent that petitioner contends that he was denied the effective assistance of counsel in counsel's failure to recognize any trial court discretion, the petitioner cannot show prejudice as required under the controlling standard of *Strickland v. Washington,* 466 U.S. 668, 687, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The issue was addressed on direct appeal, and the state court held that the sentence was not so disproportionate to the crime that it violated California's constitutional limits on cruel and unusual punishment. *See People v. Dillon,* 34 Cal.3d 441, 478, 194 Cal.Rptr. 390, 668 P.2d 697 (1983). Petitioner also raises a claim under the Eighth Amendment of the United States Constitution. The factors upon which he relies, including youth and mental illness, must be considered as mitigating factors under federal law only in the death penalty context. *Harmelin v. Michigan,* 501 U.S. 957, 995, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991);

*Ford v. Wainwright,* 477 U.S. 399, 409–10, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986).

AFFIRMED.